# ZLOTOLOW & ASSOCIATES, P.C.

### *ATTORNEYS-AT-LAW*

*Scott J. Zlotolow, Esq.*
*Anthony J. Bilello, Esq.*
*Jason S. Firestein, Esq.*
*Lauran A. Markowitz, Esq.*

*58 S. Service Road, Suite 130*
*Melville, New York 11747*
*Tel: (631) 396-7400*
*Fax: (631) 396-0074*

October 21, 2020

The Honorable Robert M. Levy
Magistrate Judge United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**        **Johnson v. Wismer, et al**.
      **Docket:**    **1:19-CV-04184-RML**

Dear Judge Levy:

In accordance with Your Honor's rules, the following letter motion is submitted by the plaintiff seeking to have this matter remanded to state court [Supreme Court, Kings County] due to the joinder of issue by Defendant Edge Auto, Inc., a New York domiciled corporation, which defeats diversity jurisdiction in this car accident case, pursuant to Tile 28 U.S.C §1447¢.

This issue has been touched on several times, including in the plaintiff's letter motion dated May 15, 2020 *{Document 11}* which sought leave to serve a supplemental summons and amended complaint to add three additional defendants as parties [Patrick Rodney, Edge Auto Inc., and Peopleready, Inc.]. As noted in the letter motion of May 15, 2020, the newly added parties could potentially divest the Court of subject matter jurisdiction of this lawsuit, as the additional party defendants will end up defeating "total diversity of parties." Due to the fact that diversity is the sole basis for the Court's subject matter jurisdiction in case, the matter would likely require remand back to the state court.

As noted in the aforementioned letter motion, the original Defendants, Kenneth Wismer and Venezia Transport Service, Inc., stipulated to the addition of those three parties.

Plaintiff did file a notice of voluntary dismissal as and against Defendants Patrick Rodney and Peopleready, Inc., prior to those parties joining issue *{Document 24}*, It became apparent that a legally viable claim could not be asserted against those entities by either the plaintiff or by the Defendants Wismer and Venezia. At the time of the filing of the notice of dismissal, issue had not been joined by Defendant Edge Auto, Inc.

During the last conference, the parties had, October 6, 2020, these matters were touched upon again. As noted following the conference, "newly added defendant rental company, whose appearance may destroy diversity, has not answered. Plaintiff's counsel will attempt to contact and clarify their status."

Re:     **Johnson v. Wismer**
Docket:     **1:19-CV-04184-RML**
-page 2-

Shortly after the last conference, on October 15, 2020, an answer to the lawsuit was filed by Defendant Edge Auto, Inc. {*Document 25*}. Counsel for Edge Auto, Inc. filed his notice of appearance {*Document 26*} and corporate disclosure {*Document 27*}. The answer for Edge Auto, Inc., admitted its status as a New York domiciled corporation.

It is clear that "[t]he addition of an indispensable, nondiverse party defeats jurisdiction." 15 Moore's Federal Practice ¶ 102.16[2][b][i]; Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985) (jurisdiction lacking) (noting that intervention destroys diversity if the intervening party is indispensable).

Title 28 U.S.C. § 1447 provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

That diversity jurisdiction may be defeated was noted at the time the motion to add new parties was made, and indeed, it has been discussed with Your Honor on several occasions.

The newly added party, Edge Auto, Inc., is joined for appropriate reasons – there was no "pretext" in joining this party to defeat diversity. Counsel for Wismer and Venezia was cognizant of this from the outset, and agreed that Edge Auto Inc should be joined, notwithstanding that do so would eliminate subject matter jurisdiction from this Court.

Thus under these circumstances, because Edge Auto, Inc. was not fraudulently joined in this action under the amended complaint; (2) joinder of Edge Auto, Inc. has destroyed diversity; and (3) there is no independent basis for federal jurisdiction in this car accident case, this Court lacks subject matter jurisdiction to hear the action. Briarpatch Ltd. v. Pate, 81 F.Supp.2d 509, 518 (S.D.N.Y. 2000).

I thank Your Honor for your time and courtesies in the review of our position and your continued handling of this matter

Very Truly Yours,

Jason S. Firestein

JFirestein@zlotlawyers.com

cc: all parties via ECF

Zlotolow & Associates, P.C.
Attorneys-At-Law